IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **NGOK GLOBAL CONSULTANTS, INC.**, a California corporation,<br><br>　　　　Plaintiff,<br>v.<br><br>**PARKER INTERNATIONAL, INC.**, a Utah corporation,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:05cv372<br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

　　　　This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Parker International, Inc.'s ("Defendant") motion for leave to file an amended answer to include counterclaims.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

　　　　Defendant seeks to amend its answer to add counterclaims against NGOK Global Consultants, Inc. ("Plaintiff") for fraud and breach of contract. Plaintiff opposes Defendant's motion on the grounds that Defendant unduly delayed in bringing the motion, Plaintiff will suffer

---

[1] *See* docket no. 64.

[2] *See* docket no. 69.

undue prejudice if Defendant's motion is granted, and Defendant's proposed fraud claim is barred by the statute of limitations.

Under rule 15(a)(2) of the Federal Rules of Civil Procedure, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that the mandate of rule 15(a) "is to be heeded" and that "[i]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" (quoting previous version of Fed. R. Civ. P. 15)). Whether to grant or deny leave to amend is within the sound discretion of the trial court. *See Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993). "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Id.*

Defendant asserts that it was not aware that Plaintiff did not intend the release of $130,000 worth of product to be a full settlement until it deposed Plaintiff's sole officer and director, Okorie Ezieme ("Ezieme"), on November 5, 2009. Thus, Defendant concludes, it could not have brought its counterclaim until now. In response, Plaintiff argues that Defendant had all of the facts necessary to assert its fraud claim from the emails between the parties documenting the April 7, 2005 settlement agreement. The court disagrees.

Defendant's proposed counterclaim for fraud does not stem from the fact that Plaintiff allegedly breached the settlement agreement by filing its complaint against Defendant; rather, it arises from the fact that Plaintiff allegedly defrauded Defendant by inducing it to deliver goods based on a representation Plaintiff knew and intended to be false when it was made. Defendant

2

did not become aware of this information until Ezieme was deposed and admitted that Plaintiff never intended to settle its claims with Defendant.  Accordingly, the court concludes that Defendant did not unduly delay in filing its motion for leave to amend to add a counterclaim for fraud.  For the same reasons, the court concludes that it's proposed counterclaim for fraud is not barred by the statute of limitations.

The court also concludes that Defendant has not unduly delayed in bringing its breach of contract claim.  Defendant has alleged this claim against Plaintiff in its second affirmative defense, which states that "[t]he claims in [Plaintiff's] Complaint are barred in whole or in part by [Plaintiff's] own breach of the contract between the parties."[3]

While the court notes that this case has been pending since 2005, it concludes that Plaintiff will not be unduly prejudiced by allowing Defendant leave to amend.  It appears that little, if any, additional discovery is necessary in defending these counterclaims.  The court further notes that this case was recently reassigned to Judge Benson.[4]  Accordingly, the dates in the current scheduling order for the final pretrial conference set for April 27, 2010, and trial beginning on May 10, 2010, that were scheduled on Judge Waddoups's calendar, will likely be reset to a later date by Judge Benson's chambers.  As such, any dispositive motions relating to the proposed counterclaims may likely be timely filed, briefed, and argued.

As a final note, the court concludes that judicial economy and common sense dictate that Defendant be allowed to amend its answer to file counterclaims.  Based on the foregoing, the court **GRANTS** Defendant's motion for leave to amend its answer to include counterclaims.

---

[3] Docket no. 2 at 6.

[4] *See* docket no. 63.

Within fourteen (14) days of this order, Defendant shall file its amended answer and counterclaim.

**IT IS SO ORDERED.**

DATED this 8th day of February, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge