IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NGOK GLOBAL CONSULTANTS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PARKER INTERNATIONAL, INC., a Utah corporation,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RULE 50 MOTION, DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES, AND GRANTING DEFENDANT'S COSTS<br><br><br>Case No. 2:05-cv-372-DB<br><br>District Judge Dee Benson |

　　　　Before the court are three motions: Plaintiff's motion for judgment as a matter of law pursuant to Rule 50, (Dkt. No. 122), Defendant's motion to fix damages on its counterclaim for breach of contract, (Dkt. No. 118), and Defendant's bill of costs. (Dkt. No. 119). The court has considered the memoranda and other materials submitted by the parties and the law and facts relating to the motions. Now being fully advised, the court renders the following Memorandum Decision and Order.

Judgment as a Matter of Law Pursuant to Rule 50

　　　　On October 6-7, 2014, the court held a two-day jury trial on this matter. The jury returned a verdict that Defendant was not liable to Plaintiff on any of its claims, and that Plaintiff was liable to Defendant on its counterclaim for breach of an accord and satisfaction. Plaintiff now seeks judgment as a matter of law notwithstanding the jury's verdict with respect to Defendant's counterclaim. Plaintiff contends that Defendant failed to provide consideration in support of the accord and satisfaction and thus no accord and satisfaction arose as a matter of law.

Plaintiff's contention fails for both procedural and substantive reasons. First, Plaintiff failed to bring its motion for judgment as a matter of law with respect to Defendant's counterclaim before submission of the case to the jury. *See* Fed. R. Civ. P. 50. The Tenth Circuit has held that a pre-verdict Rule 50 motion is a "prerequisite to a post-verdict motion under Rule 50." *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009) *citing Marshall v. Columbia Lea Reg'l Hosp.,* 474 F.3d 733, 738 (10th Cir.2007). Thus, Plaintiff's post-judgment motion is procedurally impermissible.

Further, there was sufficient evidence to support a jury finding of a breach of an accord and satisfaction. On a motion for judgment notwithstanding the verdict, a court must determine "whether there is evidence upon which the jury could properly find a verdict for that party." *Hurd v. American Hoist and Derrick Co.,* 734 F.2d 495, 499 (10th Cir.1984). At trial, extensive evidence was presented related to the interactions and discussions between Plaintiff and Defendant related to their business dealings. There was ample evidence upon which the jury could rely to find that an accord and satisfaction was formed and that Plaintiff breached its obligations pursuant to that agreement. Thus, for both procedural and substantive reasons, Plaintiff's motion for judgment as a matter of law pursuant to Rule 50 is denied.

Motion to Fix Damages

Defendant requests that the court fix damages on its counterclaim for breach of an accord and satisfaction. Defendant's only identified damages resulting from the breach are attorney's fees incurred defending this lawsuit. Defendant asserts that its attorney's fees should be awarded as consequential damages for the breach of the accord and satisfaction. In support of its theory, Defendant presents the court with Utah case law supporting the assertion that an award of

attorney's fees is appropriate when an insurer breaches its contract to the insured. *See, e.g., Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801-01 (Utah 1985); *Canyon Country Store v. Bracey*, 781 P.2d 414 (Utah 1989). Defendant also asserts that other state and federal courts have awarded attorney's fees as compensatory damages where a settlement agreement has been breached. Defendant, however, acknowledges that Utah adheres to the rule that attorney's fees generally cannot be recovered absent statutory or contractual authorization. *Canyon Country Store*, 781 P.2d at 419. Here, the court finds no statutory or contractual basis for granting Defendant's attorney fees. As such, Defendant's request for attorney's fees is denied.

Bill of Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  The United States Court of Appeals for the Tenth Circuit has instructed that "Rule 54(d) creates a presumption that the district court will award costs to the prevailing party,"*Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997), and there must be "some apparent reason to penalize the prevailing party if costs are to be denied," *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995). Here, Defendant was the prevailing party. As such, Defendant's request for costs is granted.

## Conclusion

For the reasons stated above, Plaintiff's motion for judgment as a matter of law pursuant to Rule 50 is hereby DENIED, Defendant's motion to fix costs is DENIED, and Defendant's request for costs is GRANTED.

DATED this 4th day of February, 2015.

BY THE COURT:

Dee Benson
United States District Judge